# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 10/26/2022 08:54 AM Sherri R. Carter, Executive Officer/Clerk of Court, by P. Perez, Deputy Clerk

22STCV27533

**SUM-100**

# SUMMONS on First Amended Complaint
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GEORGE FOREMAN; and DOES 2 through 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DENISE S., an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Torrance Courthouse
825 Maple Ave, Torrance, CA 90503

CASE NUMBER:
*(Número del Caso):*
**22STCV27533**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alex Valenzuela, Esq. Dordulian Law Group, 550 N. Brand Blvd., Suite 1990, Glendale CA 91203, (818) 788-4919

DATE: 10/26/2022
*(Fecha)*

Clerk, by   Sherri R. Carter Executive Officer / Clerk of Court   , Deputy
*(Secretario)* P. Perez   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 10/26/2022 08:54 AM Sherri R. Carter, Executive Officer/Clerk of Court, by P. Perez, Deputy Clerk

Samuel Dordulian, Esq. (SBN 174717)
Alex M. Valenzuela, Esq. (SBN 233783)
DORDULIAN LAW GROUP, APC
550 N. Brand Boulevard, Suite 1990
Glendale, California 91203
Telephone:   (818) 788-4919
Facsimile:   (818) 484-2011

Attorneys for Plaintiff,
DENISE S.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DENISE S., an individual,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE FOREMAN; and DOES 2 through 50,<br><br>Defendants. | CASE NO.: 22STCV27533<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **SEXUAL BATTERY;**<br>2. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff DENISE S. ("Plaintiff"), hereby demands a jury trial, complains, and alleges against Defendants GEORGE FOREMAN ("DOE 1"), and DOES 2 through 50, inclusive as follows:

### THE PARTIES

1. Plaintiff, DENISE S. is a resident of the State of California, County of Los Angeles. Plaintiff is a victim of sexual assault, and is thus entitled to protect her identity in this public filing by using a pseudonym.

2. Plaintiff is informed and believes, and thereon alleges that Defendant DOE 1 is an individual resident of Texas and County of Harris.

- 1 -

**FIRST AMENDED COMPLAINT FOR DAMAGES**

3.  Pursuant to Code of Civil Procedure §340.1, the true names and capacities of DOE 1 is presently known to Plaintiff, but are sued under fictitious names until there is a showing of corroborative fact as to the charging allegations against these defendants. Plaintiff will seek leave to amend the complaint upon a showing of corroborative fact to substitute the true names of the defendants or defendant.

4.  The true names and capacities of any defendants designated herein as DOES 2 through 50, inclusive, whether an individual, a business, a public entity, or otherwise, are presently unknown to plaintiff, who therefore sues said defendants by such fictitious names, pursuant to Code of Civil Procedure § 474. Plaintiff is informed and believes, and on such information and belief alleges, that each DOE defendant is responsible in some manner for the events alleged herein, and Plaintiff will amend the complaint to state the true names and capacities of said defendants when their true names and capacities have been ascertained.

### AGENCY

5.  At all times relevant, each of the Defendants, named and fictitiously named, was and is the agent, partner, employee, co-venturer, independent contractor and/or co-conspirator of each of the remaining Defendants and, in doing the things alleged herein acted within the scope, course, purpose, consent, direction, approval, knowledge, ratification, and/or authorization of such agency, partnership, employment, joint venture, contract, and/or conspiracy. Wherever reference is made herein to "Defendants," such allegations shall be deemed to mean the acts of the Defendants acting individually, jointly and/or severally. Further, wherever reference is made herein to "Defendants" such allegations shall be deemed to mean the acts of Defendants DOE 1 and DOES 2 through 50, acting individually, jointly and/or severally.

### VENUE

6.  This action arises out of tortious conduct that occurred in the State of California, County of Los Angeles. The amount in controversy exceeds $25,000.00.

7.  Plaintiff brings this action under Assembly Bill No. 218 ("AB 218"), which amended California Code of Civil Procedure sections 340.1 and 1002, as well as Section 905 of the California Government Code, relating to sexual assault.

- 2 -

**FIRST AMENDED COMPLAINT FOR DAMAGES**

8. The damages alleged in the complaint were a result of childhood sexual assault that would constitute a crime under Penal Code Sections 288 and 647.6.

9. Effective January 1, 2020, AB 218 increases the time limit for commencing an action for recovery of damages suffered as a result of childhood sexual assault to 22 years from the date the Plaintiff attains the age of majority or within 5 years of the date the plaintiff discovers or reasonably should have discovered that the psychological injury or illness occurring after the age of majority was caused by the sexual assault, whichever is later. AB 218 also revives time-lapsed claims in certain circumstances such as those presented in this Complaint.

## GENERAL ALLEGATIONS

10. DOE 1 (born on or about 1949) is a former professional heavy weight boxer who went professional in 1969. DOE 1 defeated Joe Frazier in 1973 to become the heavy weight champion of the word. He would eventually lose the title to Muhammad Ali in 1974. DOE 1 would be inducted to the World Boxing Hall of Fame and International Boxing Hall of Fame.

11. Plaintiff (born in 1961) is the daughter of "Charlie." Charlie was a boxer based out of Oakland, California. In the early 1970s, DOE 1 trained with Charlie and met Plaintiff when she was approximately 8 years old.

12. DOE 1 started grooming Plaintiff at an early age by taking her out for ice cream and allowing her to sit on his lap as DOE 1 drove his car.

13. When Plaintiff was 13 years old, DOE 1 called Plaintiff at her home in Hayward, California and asked Plaintiff if she knew how to masturbate. During the call, DOE 1 gave Plaintiff instructions on how to masturbate herself.

14. DOE 1 would have sexual intercourse with Plaintiff several times when she was 15 years old.

15. On one occasion, DOE 1 sexually abused Plaintiff while staying at a hotel in San Francisco. At the hotel, DOE 1 orally copulated Plaintiff as well as having sexual intercourse with Plaintiff.

16. At all relevant times, Plaintiff was a minor of approximately 13-16 years old and had no ability or legal capacity to consent to the aforementioned sexual acts.

- 3 -

**FIRST AMENDED COMPLAINT FOR DAMAGES**

17. At all relevant times, DOE 1 was an adult male in excess of 24 years old.

18. As an adult, Plaintiff disclosed the abuse she suffered at the hands of DOE 1 to DOE 1's friend and business associate "Ron." Ron disclosed that he was aware of at least one other victim that DOE 1 sexually abused when she was a minor.

19. Plaintiff had never met this other victim prior to disclosing her own abuse to Ron.

20. On at least one occasion, Ron confronted DOE 1 with the fact that Plaintiff and another victim accused him of sexually abusing them when they were minors. DOE 1 did not deny the allegations.

## FIRST CAUSE OF ACTION

### SEXUAL BATTERY

**(As Against Defendants DOE 1, and DOES 2 through 50)**

21. Plaintiff re-alleges and incorporates by reference every allegation contained in this Complaint as though set forth herein in full.

22. DOE 1's conduct was sexually offensive, constituting sexual battery under California Civil Code § 1708.5.

23. DOE 1 created a harmful and offensive contact with Plaintiff when he engaged in the aforementioned sexual assault and misconduct of Plaintiff, when Plaintiff had no legal capacity to consent.

24. Each time that DOE 1 engaged in the sexual assault and abuse, a sexually offensive contact resulted.

25. As a direct and legal result of the sexual battery by DOE 1, Plaintiff suffered injuries including, but not limited to, physical and mental pain and suffering, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, in an amount not yet ascertained, but which exceeds the minimum jurisdictional limits of this Court.

///

///

///

## SECOND CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (As Against Defendants DOE 1, and DOES 2 through 50)

26. Plaintiff re-alleges and incorporates by reference every allegation contained in this Complaint as though set forth herein in full.

27. DOE 1's sexual assault and misconduct against Plaintiff when he was over 23 years old and she was 14-16 years old amounts to outrageous conduct.

28. DOE 1's conduct was intended to cause Plaintiff severe emotional distress, as it was uninvited sexual misconduct that she had no legal capacity to consent to.

29. DOE 1 acted with acted with reckless disregard of the probability that Plaintiff would suffer emotional distress when the conduct occurred

30. As a direct and legal result of the misconduct by DOE 1, Plaintiff suffered injuries including, but not limited to, physical and mental pain and suffering, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, in an amount not yet ascertained, but which exceeds the minimum jurisdictional limits of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DENISE S. prays for judgment against Defendants DOE 1, and DOES 2 through 50, as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For punitive damages as to defendants who committed intentional torts;
4. For all statutorily allowed damages; and
5. For such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

WHEREFORE, Plaintiff DENISE S. hereby demands trial of all causes by jury.

///

- 5 -

FIRST AMENDED COMPLAINT FOR DAMAGES

DATED: September 26, 2022

**DORDULIAN LAW GROUP, APC**

By: *[signature]*

SAMUEL DORDULIAN, ESQ.
ALEX M. VALENZUELA, ESQ.
Attorneys for Plaintiff,
**DENISE S.**

- 6 -

**FIRST AMENDED COMPLAINT FOR DAMAGES**