O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE S.,<br><br>     Plaintiff,<br><br>  v.<br><br>GEORGE FOREMAN, and DOES 2 through 50,<br><br>     Defendants. | Case No.: 2:22-cv-09237-MEMF-PD<br><br>**ORDER DENYING MOTION TO CONSOLIDATE WITHOUT PREJUDICE [ECF NO. 34]** |

Before the Court is a Motion to Consolidate filed by Plaintiff Denise S. ECF No. 34. For the reasons stated herein, the Court hereby DENIES the Motion to Consolidate without prejudice.

**I. Background**

On August 24, 2022, Plaintiff Denise S. initiated this action in the Superior Court for the County of Los Angeles, asserting claims against "Doe" defendants. ECF No. 1 ("Notice of Removal"). On October 26, 2022, Denise S. filed a First Amended Complaint, which substituted Defendant George Foreman for Doe 1. *Id.*; ECF No. 1-1 ("FAC"). The FAC alleges causes of action for (1) sexual battery and (2) intentional infliction of emotional distress, based on allegations that Foreman groomed Denise S. and sexually abused her when she was a minor. *See generally* FAC.

On December 20, 2022, Foreman removed the case to this Court on the basis of diversity jurisdiction. Notice of Removal at 3. On January 23, 2023, Foreman answered the FAC and brought counterclaims for (1) defamation and slander and (2) intentional infliction of emotional distress. ECF No. 9 ("Answer").

On March 4, 2024, Denise S. filed the instant Motion to Consolidate, seeking to consolidate this case with *Gwen H. v. George Foreman*, Case No. 2:22-cv-09241-AB-MAA ("*Gwen H.*"), currently pending before the Honorable André Birotte Jr., United States District Judge. ECF No. 34 (the "Motion"). On March 18, 2024, Foreman filed his opposition. ECF No. 38 ("Opposition"). On March 25, 2024, Denise S. filed a reply. ECF No. 41 ("Reply"). Gwen H. has not made any filings in relation to this Motion.[1]

## II. Applicable Law

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). Factors that courts have weighed to determine whether consolidation is appropriate include "the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Knox v. Yingli Green Energy Holding Co.,* 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) (internal quotation marks omitted). Consolidation may be inappropriate where it "leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

## III. Discussion

Denise S. moves for consolidation on the basis that her and Gwen H.'s cases involve common questions of fact and law, consolidation would serve the interests of judicial convenience, and there are minor risks of delay, confusion and prejudice. *See generally* Motion. For the reasons

---

[1] Although neither party has requested judicial notice of the *Gwen H*. docket, the Court finds it appropriate to judicially notice. The Court notes that Denise S. and Gwen H. have the same counsel.

discussed below, the Court finds that while there are some commonalities between the two cases, it is premature to decide if and how consolidation should occur. The Court finds that to grant a consolidation of the two cases for all purposes at this time—including a joint trial—may unduly prejudice Foreman. Accordingly, the Court DENIES the Motion without prejudice to either party seeking any form of consolidation at a later stage should the cases develop such that it appears proper to do so. However, the Court finds it proper at this time to handle the two cases as related cases before a single judge, and will order the transfer of *Gwen H.* to this Court as a related case.

### A. There Are Sufficient Common Questions of Law and Fact Under Rule 42

Cases may only be *considered* for consolidation if they "involve a common question of law or fact;" even then they are not *required* to be consolidated. Fed. R. Civ. P. 42(a). Denise S. argues that the cases are both brought against Foreman alleging the same two causes of action, based on allegations that Foreman committed sexual abuse against the plaintiffs. Motion at 9. As the allegations involve sexual abuse when both plaintiffs were minors, Denise S. notes that evidence from her case could potentially be admissible in *Gwen H.*, and vice versa, under Federal Rule of Evidence 415. *Id.*; *see Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000) (explaining that "it is generally accepted that a defendant with a propensity to commit acts similar to those charged is more likely to have committed the charged act than another and therefore such evidence is relevant"). There is also a common fact witness, Ron Weathers, who allegedly knew about the sexual abuse of both women, and the plaintiffs are both using the same expert witnesses. Motion at 12. Further, Foreman's counterclaim is based on statements made during a joint press conference held by Denise S., Gwen H., and their counsel in November of 2022. Answer at 8; Motion at 11.

Neither party cites binding authority as to what the standard for commonality is under Rule 42. The claims need not arise out of identical factual scenarios to meet the common question of fact requirement given that consolidation does not result in the "complet[e] merging" of the cases. *Hall*, 584 U.S. at 67 (explaining that a consolidated action preserves the "rights of the separate parties in [the action]"). And, while Foreman argues that there may be some different legal defenses as to each

plaintiff,[2] consolidation would not bar him from raising any individual legal argument as to either plaintiff, at the summary judgment stage or otherwise. *See* Opposition at 17–18. Moreover, consolidation can be considered whether there are common questions of law *or* fact, not necessarily both. Fed. R. Civ. P. 42(a). A plain reading of the rule only requires that there be at least one common question of fact or law to meet the threshold requirement. Here, the Court finds that there would be some common questions of fact with regards to Foreman's counterclaims.[3] Although Foreman argues that any reputational damages he suffered could be decided from the individual statements made by each individual plaintiff, one could imagine that damages stemming from the press conference may be difficult to separate out—for example, if there were statements that were made jointly. *See* Opposition at 15, n.5. In such a case, the press conference may be more properly evaluated as a single event with joint tortfeasors.[4] The Court finds sufficient overlap that there is at least grounds to consider whether consolidation would be proper.

### B.     Any Judicial Convenience is Outweighed by Potential Prejudice to Foreman

Although this case meets the prerequisite for consolidation, district courts have discretion in determining whether to consolidate cases, and typically consider judicial convenience, potential for prejudice, and the likelihood of confusion among other factors. *Hall*, 138 S. Ct. at 1131; *see Knox*, 136 F. Supp. 3d at 1162. This Court finds it appropriate to weigh the convenience of the proposed consolidation on the one hand against the potential prejudice to Foreman and likelihood of confusion on the other hand.

As Foreman notes in his Opposition, just because certain evidence in Denise S. and Gwen H.'s cases falls under the category of evidence that ***may*** be admissible under Rule 415 in each other's cases, the Court cannot find as a blanket matter at this stage that all such evidence ***would be***

---

[2] The Court notes, however, that Foreman's affirmative defenses as pleaded are identical in both cases. *Cf.* Answer *with* 2:22-cv-09241-AB-MAA, ECF No. 9.

[3] The phrase "common question of law or fact" also arises in Rule 20 as a requirement to permissive joinder. Fed. R. Civ. P. 20. Rule 20 further requires that there are rights or reliefs arising out of the "same transaction [or] occurrence." *Id.* Although the context is not one of joinder, the Court finds the language helpful in considering what would be considered a common question. Here, the November 2022 press conference would also appear to qualify as the same "transaction or occurrence," further supporting commonality.

[4] The Court is not making any such determination at this time.

admissible under Rule 403. Opposition at 8. Even if the proffered evidence meets the prerequisites of Rule 415,[5] it still must pass muster under Rule 403. *See Doe ex rel. Rudy-Glanzer*, 232 F.3d at 1268. In considering whether to admit propensity evidence under Rule 415, a court must consider "the similarity of the prior acts to the act charged [], the frequency of the prior acts, the presence or lack of intervening circumstances, and the necessity of that evidence beyond the testimonies already offered at trial." *Id.* Here, although Denise S. and Gwen H. are seeking facially similar claims against Foreman, the factual circumstances are concededly different as to each plaintiff. Denise S.'s allegations involve ongoing interactions with Foreman for a number of years starting when she was around 8 years old through her teenage years, including living with him at certain points of her life and traveling with him. Motion at 1–3. In contrast, Gwen H.'s allegations involve a number of isolated incidents starting when she was around 14 or 15. Motion at 4–5.

To the extent that evidence from one plaintiff's experience is relevant to show propensity, the Court finds that it could be prejudicial to Foreman and confusing to the jury to admit all evidence supporting Denise S. or Gwen H.'s case, including their testimony, in the other's case.[6] The issue being decided (whether the sexual abuse happened) is independent to the allegations of each

---

[5] The parties do not appear to dispute that the evidence would meet the criteria set forth by Rule 415—that the defendant must be accused of sexual assault or child molestation and the proffered evidence relates to another offense of sexual assault or child molestation. Fed. R. Civ. P. 415.

[6] The Court is not making a finding that all such evidence would be inadmissible—for example, it may be proper to allow some limited testimony from Gwen H. in Denise S.'s case and vice versa to make a propensity showing while minimizing prejudice to Foreman under Rule 403. However, such a finding must be made after consideration of what specific evidence either Denise S. or Gwen H. seek to admit at the motion in limine stage.

At the hearing, counsel for Foreman argued that *U.S. v. LeMay* stood for the proposition that it would be inappropriate for the Court to rule on the issue of whether propensity evidence should come in even prior to trial. 260 F.3d 1018 (9th Cir. 2001). The Court does not construe *LeMay* to hold that a district court cannot make a decision on whether to admit propensity evidence at the motion in limine stage—while the district court in *LeMay* waited until the prosecution's case had been presented, the Ninth Circuit merely emphasized the responsibility of a district court to do a "searching inquiry" of the *Glanzer* factors and found that the district judge "exercised his discretion to admit the evidence in a careful and judicious manner." *Id.* at 1028. There is no indication that a district court must do this inquiry at any specific time. Rather, *LeMay* would actually support Denise S.'s argument; to the extent Foreman contests the credibility of the plaintiffs and there is a lack of evidence to support their claims otherwise, at least some propensity evidence may be admissible. 260 F.3d at 1028 (affirming admission of propensity evidence to "bolster the credibility of [the victims], and to rebut the suggestion that there was no evidence to corroborate their testimony").

plaintiff, such that the jury must render two separate verdicts. But, in a consolidated trial, it may be difficult for a jury to compartmentalize the evidence as to each individual plaintiff. Furthermore, evidence of other acts of sexual assault or child molestation may only be considered "on any matter to which it is relevant." *See* Fed. R. Evid. 415 (noting that the "evidence may be considered as provided in Rules 413 and 414"); *see* Fed. R. Evid. 413, 414 (providing that the evidence "may be considered on any matter to which it is relevant"). It is possible that some evidence may be relevant to one matter in one case and relevant to a different matter in the other case. If so, the jury may find it extremely difficult to consider one piece of evidence—for example, evidence that Foreman abused Denise S.—in a limited way with respect to one plaintiff (Gwen H.) while being asked to consider it for all purposes with respect to the other plaintiff (in this example, Denise S.). Finally, it is possible that some evidence may be unduly prejudicial in one case but not unduly prejudicial in the other case. If so, the jury may find it extremely difficult to consider one piece of evidence—for example, evidence that Foreman abused Denise S.—in full with respect to one plaintiff (Denise S.) while being asked to disregard it for all purposes with respect to the other plaintiff (in this example, Gwen H.). The Court finds that it may be difficult for any limiting instruction to alleviate this potential for prejudice and this likely confusion.[7]

        Moreover, the Court cannot find that the potential prejudice and confusion is outweighed by any judicial convenience and efficiency at this stage. There is not necessarily a risk of inconsistent verdicts without consolidation, as the facts as to each individual plaintiff are different. For example, a jury may properly find Foreman successful on his counterclaim as to one plaintiff but not the other depending on the underlying factual findings as to each plaintiff. And, while there may be some

---

[7] Although Denise S. cites a number of non-binding cases where courts have consolidated sexual assault cases, none are controlling on this Court. For example, in *Keil v. Bearden*, it appears that the plaintiffs would be testifying in each other's trials regardless of whether the cases were consolidated. 2021 WL 7708479, at *2 (W.D. Mo. Nov. 17, 2021) (noting that "given that the Plaintiffs all plan to testify on one another's behalf at separate trials, the Court finds that the possibility of having the Plaintiffs all sit at the same table is unlikely to make a difference to the jury's sympathies"). And, in *Eghnayem v. Boston Scientific Corp.*, 873 F.3d 1304, 1315 (11th Cir. 2017), which is relied on by *Keil v. Doe #1*, 2023 WL 2531867, at *1 (8th Cir. 2023), there was a presumption that "the plaintiffs would likely have been able to submit evidence of other patients with similar injuries." Here, the Court cannot make a finding at this point that Denise S. and Gwen H. should be permitted to fully testify in each other's cases or that no limitations would apply to the jury's consideration of this testimony if permitted.

1  judicial convenience served, it does not appear to be as great as Denise S. argues. While some
2  witnesses may testify in both cases, it is possible that the majority of their testimony in either case
3  would not be duplicative, such that any efficiencies to be gained may not be significant (although the
4  Court recognizes there may be some burden for any witness to have to appear multiple times). For
5  example, the testimony of the psychiatric expert in Denise S.'s case would be specific to her mental
6  state only, not Gwen H.'s. Meanwhile, the majority of fact witnesses testifying for each plaintiff are
7  different, and they would be testifying as to circumstances that do not have significant overlap.
8  Opposition at 20–21. Therefore, the Court finds that the risk of prejudice and confusion of the issues
9  outweighs any judicial convenience to be gained from consolidation at this stage.

10       Accordingly, the Court DENIES the Motion.[8] However, the Court recognizes that there will
11  be some judicial convenience to having both cases set as related cases before the same judge given
12  that there are some common issues, the same defendant, and the same counsel. *See* C.D. Cal.,
13  General Order No. 23-15 at 20 (related cases may arise from the same or closely related transactions,
14  call for determination of the same or substantially related questions of law or fact, or for other
15  reasons would entail substantial duplication of labor if heard by different judges). Although it is
16  unclear how much efficiency may be gained from a consolidation of the trial itself at this point, the
17  Court finds it likely there would be duplicitous litigation on pre-trial proceedings, such as motions in
18  limine or jury instructions. Therefore, pursuant to the Central District's General Order in the Matter
19  of Assignment of Cases and Duties to District Judges, the Court will order the Clerk to transfer
20  *Gwen H.* to this Court.

21  / / /
22  / / /
23  / / /

---

25  [8] Nevertheless, to the extent that Denise S. and/or Gwen H. are testifying about alleged sexual abuse from
26  when they were minors, the Court acknowledges that it may be burdensome for them to testify multiple times, even if voluntarily. Therefore, the Court will be open to hearing from the parties regarding the potential for
27  consolidation in some form that would alleviate the potential prejudice to Foreman or confusion to the jury, while balancing any potential burden on the plaintiffs. In addressing this, the Court does not intend to suggest
28  that it is making any finding at this time as to whether the allegations are true. The fact that the plaintiffs may be testifying voluntarily does not at this time eliminate the potential of any burden.

IV. **Conclusion**

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Motion to Consolidate is DENIED without prejudice;
2. The Court ORDERS the transfer of *Gwen H. v. George Foreman*, Case No. 2:22-cv-09241-AB-MAA to this Court as a related case;
3. The parties are ORDERED to meet and confer regarding the current scheduling orders for the two cases and propose a joint schedule within **14 days** from issuance of this order that includes the following:
    a. Identical pretrial dates for both cases until the deadline to complete settlement conference (including all discovery deadlines and last day to hear motions);
    b. A hearing date and briefing schedule prior to the deadline for any trial filings for the Court to hear any motion to consolidate the two cases in any fashion for trial;
    c. A hearing date and briefing schedule prior to the consolidation motion practice for the Court to hear all issues all issues relating to whether or not the two cases should be consolidated in any fashion for trial (that is, any relevant motions in limine, including the anticipated motions under Federal Rules of Evidence 403 and 415);
    d. Separate dates for the two cases for the trial, final pretrial conference, and first-round and second-round trial filings (where the parties may file any motions in limine unrelated to the issue of consolidation); and

/ / /

/ / /

/ / /

e. Any other proposed dates that the parties believe would be conducive to preparing for trial in this case (*i.e.*, a separate hearing date for all motions in limine, a briefing schedule to propose the format of any consolidated trial, etc.).

IT IS SO ORDERED.

Dated: April 26, 2024

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge