| | |
|---|---|
| Samuel Dordulian (SBN 174717) | Timothy A. Scott (SBN 215074) |
| Alex Valenzuela (SBN 233783) | Nicolas O. Jimenez (SBN 295057) |
| DORDULIAN LAW GROUP | MCKENZIE SCOTT PC |
| 550 North Brand Blvd., Suite 1990 | 1350 Columbia Street, Suite 600 |
| Glendale, CA 91203 | San Diego, California 92101 |
| Telephone: (818) 788-4949 | Telephone: (619) 794-0451 |
| Facsimile: (818) 827-2944 | Facsimile: (619) 652-9964 |
| Email: sdordulian@dlawgroup.com | Email: tscott@mckenziescott.com |
| avalenzuela@dlawgroup.com | njimenez@mckenziescott.com |

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE S., an individual,<br><br>            Plaintiff,<br><br>V.<br><br>GEORGE FOREMAN, and DOES 2 through 50.<br><br>            Defendants.<br><br>―――――――――――――――――<br>AND ALL RELATED ACTIONS. | Lead Case No.: 2:22-cv-09237-MEMF-PD<br>Related to Case No. 22-cv-09241-MEMF-PD<br><br>**JOINT STIPULATION REQUESTING MODIFICATION OF THE SCHEDULING ORDER** |

1
JOINT STIPULATION REQUESTING MODIFICATION OF THE SCHEDULING ORDER

Plaintiffs and counter-defendants Denise S and Gwen H. ("Denise S." and "Gwen H.") and Defendant and counterclaimant George Foreman ("Foreman") submit this Joint Stipulation (the "Stipulation") relating to the parties' joint request to modify the Scheduling Order in this case to extend the fact and expert discovery deadlines and the settlement conference deadline by 60 days without modifying the trial date, the Final Pre-Trial Conference date, or any other pending dates and deadlines in this matter. This Stipulation is based on the following facts:

1. The parties have acted diligently in conducting discovery in this case. Written discovery has been served and responded to, subpoenas have been issued, and numerous depositions have been taken.

2. The parties have cooperatively engaged in meet and confer discussions concerning a number of potential discovery disputes, and have been largely successful in resolving most of those potential disputes in a cooperative and practical manner.

3. However, despite diligent efforts, the parties were unable to schedule and coordinate Foreman's deposition due to health-related reasons before the expiration of the current discovery cutoff.

4. To avoid burdening the Court with discovery litigation, the parties have met and conferred numerous times, including as recently as September 17, 2024, to discuss the scheduling and conditions for Foreman's deposition.

5. Given that some disputes related to the deposition remain unresolved, the parties requested an informal discovery conference on September 18, 2024 to receive assistance from the Court.

6. The Court denied the request given the fact discovery cutoff of September 18, 2024.

7. The parties currently believe that Foreman will be available to be deposed sometime in late October.

8. The parties agree that conducting Foreman's deposition is essential for the parties to be prepared for trial in these cases.

9. The parties also agree that Foreman's deposition testimony is necessary for the parties' proposed experts to adequately formulate their opinions in these cases. The parties also agree that Foreman should be deposed and expert discovery should be commenced before the parties attend a settlement conference in the matter.

10. The parties will continue to meet and confer to resolve the pending disputes relating to Foreman's deposition in the hopes of avoiding any discovery litigation related to these issues.

11. The parties agree that the proposed extension to the fact discovery cutoff should extend only to Foreman's deposition. To the extent that there is any third-party witness or document that is mentioned for the first time in Foreman's deposition, the parties will meet and confer to determine if good cause exists to allow additional, limited discovery related to that new witness or document.

Based on the foregoing, the parties hereby stipulate, by and through their counsel of record, subject to this Court's approval, to the following:

(1) To extend the non-expert discovery cut-off date from September 18, 2024 to November 18, 2024 for the purpose of conducting Defendant Foreman's deposition and potentially any limited, additional discovery that may arise if any new third-party witnesses or documents are mentioned in Defendant Foreman's deposition testimony;

(2) To extend the initial disclosure of Experts from September 25, 2024 to November 25, 2024;

(3) To extend the rebuttal disclosure of Experts from October 9, 2024 to December 9, 2024;

(4) To extend the expert discovery cut-off date from October 23, 2024 to

December 23, 2024.

(5) To extend the date by which the parties must attend a settlement conference from December 16, 2024 until February 16, 2025.

There would be no modification to the current trial date, any other deadline set in the Scheduling Order, or any of the pending hearings currently scheduled before the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

McKENZIE SCOTT PC

DATED: September 23, 2024

By:     s/ Nicolas O. Jimenez
Timothy A. Scott
Nicolas O. Jimenez
Attorneys for Plaintiff Denise S.

DATED: September 23, 2024     KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP

By:     s/ Suann C. MacIsaac
Suann C. MacIsaac
Attorneys for Defendant George Foreman