O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE S.,<br><br>          Plaintiff,<br><br>     v.<br><br>GEORGE FOREMAN, and DOES 2 through 50,<br><br>          Defendants. | Case No.: 2:22-cv-09237-MEMF-PD<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT [ECF NO. 53]** |

Before the Court is Defendant George Foreman's Motion for Summary Judgment. ECF No. 53. For the reasons stated herein, the Court hereby DENIES the Motion.

/ / /

/ / /

1

## I. Background

### A. Factual Background

Plaintiff Denise S.[1] brings the instant action alleging that Defendant George Foreman groomed and sexually abused her while she was a minor, with instances of alleged sexual abuse occurring in California, Texas, and Florida. Foreman moves for partial summary judgment on the basis that Denise's allegations of sexual abuse that occurred outside of California are time-barred. The parties do not dispute that Denise's claims would be time-barred by the applicable statue of limitations in Texas and Florida, nor do they dispute that the claims would not be time barred under California law. Therefore, the main dispute is which state's statute of limitations should apply to Denise's claims, given that the alleged conduct occurred in all three states.

### B. Procedural History

On October 26, 2022, Plaintiff Denise S. filed the operative First Amended Complaint in this case, alleging causes of action against Defendant George Foreman for (1) sexual battery and (2) intentional infliction of emotional distress. ECF No. 1-1 ("FAC"). On July 24, 2024, Foreman filed the instant Motion for Summary Judgment. ECF No. 53. The parties filed a joint brief, a Joint Statement of Uncontroverted Facts, as well as supporting declarations and exhibits.[2] ECF Nos. 53-1 ("MSJ"); 53-7 ("SUF").

/ / /

/ / /

---

[1] Although the Court ordinarily refers to parties by their surnames, because in this case the plaintiff is proceeding with her first name and last initial, the Court will refer to her as "Denise" in this Order as the parties do. No disrespect is intended.

[2] The Court notes that the parties' filings were not in compliance with the Court's Civil Standing Order, which requires an integrated brief where "each issue (or sub-issue) raised by a party [is to be] *immediately* followed by the opposing party's response." Civil Standing Order at 9 (emphasis added). Moreover, "[a]ll portions of the excerpted documents cited by either party must be contained in *one*, consolidated, excerpt," and in particular excerpts of deposition transcripts must include "one full page before and one full page after the excerpt at issue." *Id.* at 13 (emphasis added).

The Court also noted that certain evidence in the record was not attached in the filings. ECF No. 61. The documents were supplemented on October 7, 2024. ECF No. 63.

## II. **Applicable Law**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

A court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). "A moving party without the ultimate burden of persuasion at trial—usually, but not always, a defendant—has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). To carry its burden of production, the moving party must either: (1) produce evidence negating an essential element of the nonmoving party's claim or defense; or (2) show that there is an absence of evidence to support the nonmoving party's case. *Id.*

Where a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. *Id.* at 1102–03. In such cases, the nonmoving party may defeat the motion for summary judgment without producing anything. *Id.* at 1103. However, if a moving party carries its burden of production, the burden shifts to the nonmoving party to produce evidence showing a genuine dispute of material fact for trial. *Anderson*, 477 U.S. at 248–49. Under these circumstances, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is no genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the motion for summary judgment shall be granted. *Id.* at 322 ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion,

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *See id.* "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). The Court need not "comb the record" looking for other evidence; it is only required to consider evidence set forth in the moving and opposing papers and the portions of the record cited therein. *Id.* 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477 U.S. at 252. To carry its ultimate burden of persuasion on the motion, the moving party must demonstrate that there is no genuine issue of material fact for trial. *Nissan Fire*, 210 F.3d at 1102; *Celotex Corp.*, 477 U.S. at 323.

## III.    Findings of Fact[3]

Denise was born on September 19, 1961. SUF 1. At all relevant times, Denise lived with her parents in Hayward, California. SUF 2. Denise also stayed at Marshall, Texas at times when her father was training with Foreman. SUF 2. In 1976 and 1977, Foreman had a house in Houston, Texas and a ranch in Marshall, Texas. SUF 20. Foreman also lived in Los Angeles at some point in the 1970s. SUF 21.

/ / /

/ / /

---

[3] The facts set forth below are taken from the SUF and the evidence on the record. To the extent that any statements of fact are omitted, the Court concludes they are not material to the disposition of this Motion. To the extent that any of the facts below were allegedly disputed, the Court concludes that no actual dispute exists or that the adopted language resolves the dispute. Pursuant to Rule 56(g), the Court finds that these facts are "established in the case." *See* Fed. R. Civ. P. 56(g).

IV. **Undisputed Allegations for Purposes of Summary Judgment**

The Court further includes a list of testimony from Denise that is undisputed for purposes of this motion, but makes no findings of fact on the below[4] as it understands that Foreman disputes the substance of Denise's claims[5]:

- Foreman would visit Denise's home near Oakland, California, starting when she was around eight years old. SUF 22; Ex. D at 17:21-22.
- During one of these visits, Foreman offered to let Denise drive by having her sit on his lap and letting her pretend to drive. SUF 23.
- Around when Denise was 12, Foreman called her home in Hayward, California, and enticed her to masturbate over the telephone. SUF 24.
- One instance of sexual battery took place on October 15, 1976, just after Foreman's fight with Dino Denis in Hollywood, Florida. This was the only instance of sexual battery that occurred in Florida. SUF 3.
- The day after this, Denise traveled alone with Foreman to Dallas, Texas, where there was another instance of sexual battery. SUF 4, 5.
- There were a number of instances of sexual battery that occurred at Foreman's ranch in Marshall, Texas. SUF 9.
- One instance of sexual battery took place in California during a one-night stay at the Fairmont Hotel in San Francisco. SUF 10.

V. **Discussion**

As described above, the main dispute on this motion—which determines whether Denise's claims are time-barred—is which state's statute of limitations should apply, given that the alleged conduct occurred in all three states.

---

[4] *See Asberry v. City of Sacramento/Sanitation Dept.*, 156 Fed. App'x 889, 890 (9th Cir. 2005) ("Facts that a district court finds to be undisputed *for purposes of summary judgment* are not undisputed *for all purposes* unless the procedures for summary adjudication of facts in Rule 56(d) are followed.").

[5] *See* MSJ at 2 ("Foreman . . . **adamantly denies** Denise's allegations in this action."); 3, fn.1 (disputing Denise's testimony regarding an alleged instance in Texas).

As Denise brings her claims under California law, the Court applies California's three-part governmental interest test.[6] *See Fields v. Legacy Health Sys.*, 413 F.3d 943, 951 (9th Cir. 2005) ("Federal courts sitting in diversity must apply the 'forum state's choice of law rules to determine the controlling substantive law.'"). "As a default, the law of the forum state will be invoked, and the burden is with the proponent of foreign law to show that the foreign rule of decision will further the interests of that state." *CRS Recovery, Inc. v. Laxton*, 600 F.3d 1138, 1143 (9th Cir. 2010). The three parts of the test are as follows: (1) a court must determine "whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different," (2) if it is different, "the court examines each jurisidiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists," and (3) if there is a true conflict, "the court 'carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state." *Cassirer v. Thyssen-Bornemisza Collection Foundation*, 89 F.4th 1226, 1234 (9th Cir. 2024). The court should ultimately apply "the law of the state whose interest would be the more impaired if its law were not applied." *Id.*

### A. The Governmental Interest Test Applies to the Claims as a Whole

The Court must initially address Foreman's contention that the governmental interest test must be applied separately to each alleged instance of abuse in the action, rather than Denise's claims of sexual abuse collectively. The Court does not find support for this proposition in any of binding authority cited by Foreman. First, Foreman relies on *S.A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.*, which states that "[a] separate choice-of-law inquiry must be made with respect to each *issue* in a case." 641 F.2d 746, 749 (9th Cir. 1981) (emphasis added). However, nothing supports that the Ninth Circuit intended the word "issue" to mean each *factual* allegation supporting a claim, rather than discrete legal issues. *Id.* at 749 (affirming the application of

---

[6] The parties do not dispute that California Code of Civil Procedure Section 361, California's "borrowing statute," does not bar Denise's claim.

Washington law as controlling on all relevant issues). This is further reflected in *Beech Aircraft Corp.*, where the Ninth Circuit got the language from. *Beech Aircraft Corp. v. Superior* Court, 61 Cal. App. 3d 501, 518 (1976) (explaining that "[e]ach choice of law issue requires separate consideration," and addressing differences in issues of product liability substantive law, indemnity, and contribution). In *Zinser*, another case cited by Foreman, the Ninth Circuit stated that the conflicts test "must be applied to each *claim* upon which certification is sought." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1188 (9th Cir. 2001) (noting that the appellant sought "certification of three separate claims—negligence, products liability, and medical monitoring").

Foreman also relies on *Arno*, where the Ninth Circuit had found that foreign law "governed the substance" of the plaintiff's tort action related to a sexual assault that occurred in foreign territory. *Arno v. Club Med Boutique Inc.*, 134 F.3d 1424, 1425 (9th Cir. 1998). In a subsequent appeal, the Ninth Circuit found that California law applied to the issue of attorney's fees. *Id.* But again, this does not support the specificity of distinction that Foreman is calling for. A substantive issue regarding the merits of the claim and the availability of attorney's fees are two distinct legal issues. *Arno* did not hold that the underlying substantive claims should be broken up by the location of events—this is in fact the method of determining choice of law that California has turned away from. *Arno v. Club Med Inc.*, 22 F.3d 1464, 1467 (9th Cir. 1994) ("California has jettisoned the relatively predictable choice of law rules based on the place where the transaction occurred [] in favor of a three-part governmental interest test."). Rather, there, the Ninth Circuit had previously held that foreign law applied to the underlying substance of the tort claim as a whole, while California law applied to the underlying substance of the contract claim as a whole. *Id.* at 1468–69.[7]

---

[7] Foreman also cites two non-binding cases, neither of which are persuasive. First, the district court in *Dalkilic* was expressly *not* conducting its choice of law analysis under the governmental interest test, as it found the California borrowing statute (Cal. Code of Civ. Proc. Section 361) applied. *Dalkilic v. Titan Corp.*, 516 F. Supp. 2d 1177, 1185, n.3 (S.D. Cal. 2007). Therefore, the court was focused on determining "when (and where)" each cause of action *arose* for purposes of finding whether the claims were barred by Section 361. *Id.* Here, Foreman expressly concedes that Section 361 does not bar Denise's claims. MSJ at 6.

Foreman also relies a great deal on *Doe v. Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints*, where the court found that "both parties committed the fundamental error of evaluating the acts of abuse *en masse*." 2010 WL 11655548, at *3 (D. Id. Aug. 12, 2010). Notably, the court in *Doe* cited no

Foreman bases his assertion that Denise's factual allegations should be considered "issues" that can and must be neatly separated on the fact that Denise could have potentially brought "three independent claims for sexual battery and IIED" based on the abuse in each location. MSJ at 43. But Denise did not do so, and nothing suggests that she was required to. Denise's allegations involve what could be reasonably construed as an ongoing pattern and practice of behavior, from allegedly as early as Denise was 8 years old, up until Denise was well into her teenage years. As Denise notes, to separate out each of her allegations based on the location they occurred may be prejudicial to her ability to present a fulsome case—therefore it is only logical for Denise to want to present her allegations holistically.[8] MSJ at 38. The Court does not find that Denise's sole intent and purpose in bringing her claims together was to avoid contending with the statute of limitations. It does not appear to the Court that there is anything unusual about Denise's choice in presenting her claims this way. Rather, Foreman presents no authority that alleging multiple instances of conduct to support a claim of sexual battery and/or IIED would be improper—even if each instance of conduct could stand alone. In particular, there does not appear to be any authority mandating that multiple instances of legally identical claims[9] must be brought separately, unlike the legally distinct claims in a case like *Zinser*. 253 F.3d at 1188.

Finally, Foreman also compares this to situations where courts have found some allegations supporting a claim to be time-barred but not others. As explained, the Court does not find a convincing reason to apply different statutes of limitations to different occurrences of conduct

---

applicable authority in holding this, and even acknowledged "that other district courts have applied a single state's law to all instances of abuse, even when those acts of abuse occurred in multiple states." *Id.* at *6.

[8] The Court notes that even assuming that allegations of actions in foreign states were to be stricken for purposes of liability, it is not clear at this stage that Denise would necessarily be precluded from bringing such evidence in at trial to support her claims for conduct occurring in California. *See* Federal Rule of Evidence 415 (permitting evidence of other acts of sexual assault or child molestation in civil cases involving a claim for relief based on such claims).

[9] The Court notes that while a legal claim for sexual battery or IIED might be different in different states (including requiring different ages of consent), presumably if Denise had chosen to split up her claims this way, she would have still brought all the claims under California law as they would be time-barred elsewhere. Therefore, even before getting to the choice of law analysis, the claims that Foreman argue should be separate would be legally identical on their face.

8

supporting a single claim here. Regardless, the Court finds that this comparison does not necessarily strengthen Foreman's argument. One case cited by Foreman involved the application of the continuing violations doctrine,[10] which allows liability for conduct outside a limitations period "if it is sufficiently connected to unlawful conduct within the limitations period." *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 802 (2001). Although it is not clear whether the doctrine is applicable here and the Court makes no finding on this issue, the Court notes that this at least one circumstance in which a plaintiff is allowed to "seek damages for clearly time-barred conduct simply by alleging a few timely allegations as part of a single claim," which Foreman argues should not be allowed as a rhetorical matter. *See* MSJ at 22. Therefore, Foreman's reliance on cases that have held certain conduct time-barred based on its failure to satisfy the continuing violations doctrine does not dictate a different result. *See* MSJ at 21–22.[11]

Accordingly, the Court finds that it should not conduct a separate choice-of-law analysis separately for each instance of abuse.[12]

### B. The Governmental Interest Test Favors Application of California Law

The Court next proceeds to apply the governmental interest analysis to Denise's claims as a whole. The parties do not dispute that the laws of the three states differ, and also do not dispute that there is a true conflict with regards to the laws of California and Texas. Therefore, the Court analyzes whether there is a true conflict with regards to the laws of California and Florida, then proceeds to determine which state would be most impaired if its law were not applied. For the

---

[10] *See Hawkins v. Swisher Int.'l, Inc.*, 2021 WL 7707940 (C.D. Cal. Dec. 7, 2021).

[11] The other cases cited which did not relate to the continuing violations doctrine are similarly not persuasive—in *Piril*, the plaintiff failed to respond to the defendant's motion to dismiss so the Court considered the issue of whether his claims were partially time-barred conceded. *See Piril v. Ferguson Enterprises, LLC*, 2021 WL 3630372, at *5 (C.D. Cal. Aug. 17, 2021). Regardless *Piril* and *Merlo*, just like *Dalkilic* (footnote 4, *supra*) involved the determination of just one instance in time. *Merlo v. Wilkie*, 2020 WL 5042776, at *5 (C.D. Cal. Aug. 25, 2020). Here, Foreman is proposing something much different—a separation of various allegations spanning various time frames.

[12] Thus, Foreman's reliance on cases where courts applied foreign law because the tort alleged took place in a foreign state is unavailing. *See* MSJ at 7–9. While the Court considers the locations the acts occurred in the following analysis, the Court does not find that any one state has a "presumptive interest" in controlling the conduct. *Id.* (citing *Castro v. Budget Rent-A-Car System, Inc.*, 154 Cal. App. 4th 1162, 1180 (2007).

1 reasons discussed below, the Court finds no true conflict between California and Florida law, but
2 regardless that California law would be the most impaired of the three states if it were not applied.

        i.    <u>There is no true conflict between California and Florida here.</u>

"The second step of the governmental interest analysis requires us to examine 'each jurisdiction's interest in the application of its own law in the circumstances of the particular case to determine whether a true conflict exists.'" *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 91 (2010). Denise does not contest that the substance of California and Florida law, similar to Texas law on this issue, would be a true conflict—save for the fact that here, the case is not in Florida, and neither Denise nor Foreman claim any ties to Florida. In particular, not only would the statute of limitations for Denise's claims here be different in Florida and California, there is also a conflict in the way the two states treat the revival of previously time-barred claims. As Foreman emphasizes, Florida (and Texas) treats the accrual of a statute of limitations to a defendant as a property interest that cannot be rescinded by the state. *See Wiley v. Roof*, 641 So. 2d 66, 68 (Fla. 1994) ("Once the defense of the statute of limtiations has accrued, it is protected as a property interest just as the plaintiff's right to commence an action is a valid and protected property interest."). In contrast, California courts have uphelded the legilature's revival of time-barred claims in civil cases. *See Roman Catholic Bishop of Oakland v. Superior Court*, 128 Cal. App. 4th 1155, 1164 (2005) ("noting that "numerous federal and California decisions have held that there is no constitutional impediment" to legislation that revives a "lapsed civil limitations period").

While Florida no doubt has an interest in extending its constitutional protections to its residents, it is undisputed that Foreman is not a resident of Florida. Under the second element of the test, "[w]hen only one of two potentially concerned states has an interest in having its law applied, the conflict of laws is said to be 'false'," and a court should only apply the law of the "interested state." *Ashland Chemical Co. v. Provence*, 129 Cal. App. 3d 790, 794 (1982). In *Ashland*, the court found that where "California is the forum and the defendant is a California resident," "Kentucky has no interest in having its statute of limitations applied because here there are no Kentucky defendants and Kentucky is not the forum." *Id.* (noting that this was "the very paradigm of the false conflict"). The court explained that statutes of limitations "are designed to protect the enacting state's residents

and courts from the burdens associated with the prosecution of stale cases . . ." *Id.* A similar case was presented in *Nelson*, which relied on *Ashland* in holding that California's statute of limitations should apply where there was only a California defendant. *Nelson v. Int'l. Paint Co.*, 716 F.2d 640, 645 (9th Cir. 1983). Here, even assuming that Foreman is not a resident of California, he is not a resident of Florida either. Therefore, Florida has no discernable local interest in extending its statute of limitations as to claims related to childhood sexual assault to Foreman. *See Cassirer*, 89 F.4th at 1236 ("If a jurisdiction's interests in its laws would not be served were its law applied, the court should apply the law of the jurisdiction that has a real interest in the dispute."). This is unlike *McCann*, where the court found a state "has a legitimate interest in attracting out-of-state companies to do business within the state," and thus has an interest in extending the protections of its statute of limitations to the *commercial activity* of foreign defendants conducted within the state. *McCann*, 48 Cal. 4th at 91. Foreman does not identify any comparable interest to extending its statute of limitations to claims of childhood sexual assault to travelers and the Court finds it unlikely that any state has an interest in attracting the conduct at issue.

Foreman points to a few cases where the law of the state that an injury occurred was applied even to an out-of-state resident, but the Court does not find those cases analogous or helpful to the question at issue. In *Ledesma v. Jack Stewart Produce, Inc.*, the Ninth Circuit held that Arizona's two-year statute of limitations (where the relevant accident occurred) should apply over California's one-year statute of limitations (where the plaintiffs were residents) to non-resident defendants. 816 F.2d 482, 486 (9th Cir. 1987). Notably, the Ninth Circuit noted that applying a California statute of limitations would *bar* the plantiffs' claims. *Id.* at 485. Moreover, in describing Arizona's interests in that case, the Ninth Circuit noted that "[i]nsofar as drivers tend to be more careful when their chances of incurring liability are more substantial, Arizona does have an interest in ensuring that its statute of limitations is applied in any case that arises from accidents occurring within its borders." *Id.* at 486. In this case, the circumstances are reversed—Florida's statute of limitations would actually bar Denise's claims, and applying California's broader statute of limitations does not "impede" Florida's interest in havings its safety laws followed. *McGhee* is also not on point, because there, one set of plaintiffs "never resided in California," and the other "had long sinced abandoned

1  their California residence" when the conduct at issue occurred. *McGhee v. Arabian American Oil*
2  *Co.*, 871 F.2d 1412, 1423 (9th Cir. 1989). Therefore, the Ninth Circuit determined that California
3  had a "weak" interest in applying its law, given that none of the conduct occurred in California. *Id.*
4  at 1424. The residence of the defendants were largely irrelevant in the *McGhee* analysis, and as the
5  law at issue was not related to any statute of limitations, there was no discussion on a state's interest
6  in applying such to a non-resident.

7        Moreover—given the Court's finding in Section A, *supra*, that it should not apply a separate
8  choice-of-law analysis to each instance of abuse—the Court does not find Foreman's argument that a
9  state where the injury occurred has a "predominant interest" persuasive. The cases Foreman relies
10 upon for this argument all concern situations where *all* of the relevant conduct occurred in the
11 foreign state. *See, e.g., McCann*, 48 Cal. 4th at 74 (exposure to asbestos happened over a two-week
12 period in Oklahoma); *Cassirer v. Thyssen-Bornemisza Collection Foundation*, 89 F.4th 1226, 1239
13 (9th Cir. 2024) ("Like *McCann*, none of the relevant conduct involving the Painting occurred in
14 California."); *Aalmhuammed v. Lee*, 202 F.3d 1227, 1236 (9th Cir. 2000) ("All the services were
15 performed in New York and Egypt []."); *Deirmenjian v. Deutsche Bank, A.G.*, 2010 WL 3034060, at
16 *14 (C.D. Cal. July 30, 2010) ("It was in Turkish territory that the acts giving rise to this suit
17 occurred."). Therefore, based on this authority, no state has a presumed "predominant interest" over
18 the others because the conduct occurred in all three states. Rather, drawing all inferences in favor of
19 Denise, the contacts alleged in California would appear to be more significant than those alleged in
20 Florida as that as where her Foreman's alleged abuse started.

21       Accordingly, the Court finds no true conflict between Florida and California.

22       ii.   <u>The *Cassirer* factors weigh in favor of applying California law.</u>

23     The Court next applies the final element of the test, which is not a task of determining which
24 state's rule "is the better or worthier rule," but rather to decide—"in light of the legal question at
25 issue and the relevant state interest at stake—which jurisdiction should be allocated the
26 predominating lawmaking power under the circumstances of the present case." *Cassirer*, 89 F.4th at
27 1236–37. Courts must "measure the interests of each jurisdiction based on 'the circumstances of the
28 present case'—the facts of this *particular* dispute—not the jurisdiction's general policy goals

expressed in the laws implicated." *Id.* at 1237. "In sum, our task is to compare, under the facts of this case"—here, (1) the extent to which Texas's interest in applying its constitutional protection against the revival of time-barred claims would be impaired by the application of California law, and (2) the extent to which California's interest in deterring childhood sexual abuse and recovery for survivors thereof would be impaired by the application of Texas law. *Id.* at 1237.

The Ninth Circuit has summarized the factors California courts have generally considered for this comparison: (1) "the current status of a statute"; (2) "the location of the relevant transactions and conduct"; and (3) "the extent to which one jurisdiction's laws either impose similar duties to the other jurisdiction's laws, or are accommodated by the other jurisdiction's laws, such that the application of the other jurisdiction's laws would only partially—rather than totally—impair the interests of the state whose law is not applied." *Id.* As explained next, the Court finds that these factors weigh overall in favor of applying California law.

1. *Neither state's law is archaic, but Texas's interest here is disputed.*

In evaluating whether either state's law is "archaic" or "infrequently enforced," the Court finds both California and Texas law to serve current and pertinent interests. *Cassirer*, 89 F.4th at 1238. California has made a number of amendments to Section 340.1 in recent years, including completely removing the statute of limitations for the recovery of damages resulting from childhood sexual assault at the beginning of 2024.[13] *See* Cal. Civ. Proc. § 340.1(a). Therefore, California's interest in enforcing its statute of limitations on this issue is far from antiquated. The Court also finds that Texas's interest in enforcing its statute of limitations is not antiquated. As Foreman notes, Texas does not allow for the revival of previously time-barred claims as a constitutional matter, because Texas views the accrual of the statute of limitations as a "vested right" on the defendant. *See Baker v. Hughes, Inc. v. Keco R&D, Inc.*, 12 S.W.3d 1, 4 (Tex. 1999) (finding that "a statute extending the limitations period of a claim already barred by liitations violates the Texas Constitution's prohibition against retroactive laws"). This is therefore an established constitutional right in Texas and a

---

[13] The Court notes that Denise's lawsuit is brought under the "revival" provision under a prior version of Section 340.1(q) that was also amended into the statute in recent years.

"settled" matter of law, and there is no indication that the state intends to otherwise modify its stance on this issue. *Id.*; *see also Tenet Hospitals Ltd. v. Rivera*, 445 S.W.3d 698, 709 (Tex. 2014) (noting that out of the four times a constitutional retroactivity challenge has been upheld, two of them were due to the revival of previously time-barred claims). The Court does not find persuasive Denise's argument that Texas has been raising the applicable statute of limitations as to childhood sexual assault claims in recent years. To the contrary, the fact that there has been no legislative change with respect to retroactivity in spite of these changes further supports its current relevance.

However, the Court finds that the application of Texas's constitutional ban on retroactivity here is in dispute, as the Court finds it a disputed issue of fact as to whether Foreman is a resident of Texas, and specifically whether he was a Texas resident at the time of the alleged conduct.[14] Although Foreman relies on a declaration that he is currently a Texas resident, he states that there "may have been brief periods of time when I did not have a residence in Texas." ECF No. 53-2 ("Foreman Decl."). It is also undisputed that he lived in Los Angeles for a period of time in the 1970s. SUF 21. Moreover, Foreman does not dispute that Denise has not been afforded the opportunity to conduct Foreman's deposition yet, where Denise could clarify the facts surrounding the issue of his residence. MSJ at 32. Thus, the Court cannot find it undisputed that Foreman is or was a resident of Texas for purposes of this analysis. As such, although the Court finds that Texas has an important and current interest in applying its law, it is less clear that Texas would have as significant of an interest in applying its constitutional protections to Foreman if he was not a resident when he committed the alleged acts. *See* Section V.B.i, *supra* (analyzing Florida's interest). For the purposes of this stage of the case, the Court treats this issue of Foreman's residence as disputed and draws all inferences in favor of Denise. Accordingly, the Court does not treat Foreman as a Texas resident at the relevant time periods which means that the Texas constitutional ban does not even apply. Therefore, the Court finds that this factor weighs in favor of applying California law.

/ / /

---

[14] Denise's statement in her unverified complaint that she "is informed and believes" Foreman to be a resident of Texas has no evidentiary value. FAC ¶ 2. *See Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006).

*2. The injurious conduct occurred in both California and Texas.*

With regards to the next factor, the Court initially finds that there is a disputed issue of fact as to the extent of alleged conduct that occurred in California. Although Foreman argues only one instance of alleged sexual battery happened there after 1976, Denise sets forth evidence that that when she was around 8, Foreman let Denise sit on his lap,[15] and when she was 12, they had a telephone conversation where Foreman discussed masturbation with her.[16] ECF No. 53-4, Ex. D at 22:6-25:23. Drawing all inferences in favor of the non-moving party, the alleged conduct can be construed as instances of sexual battery, and at a minimum are relevant to Denise's claims. Even assuming the vast majority of alleged sexual abuse took place in Texas, Foreman fails to provide any authority that this factor should be weighed solely based on the pure numerical instances of injurious conduct in each state. It appears to this Court that rather than focus simply on the fact that allegedly the greatest number of acts occurred in Texas, this Court should also consider where this ongoing course of conduct began and which acts caused the most harm; this might counsel in favor of California. Nevertheless, as it is undisputed that the injurious conduct occurred in both Texas and California, the Court does not find that this factor weighs in favor of applying either state's law. *See Sarver v. Chartier*, 813 F.3d 891, 899 (9th Cir. 2016) (noting that where the "alleged injuries would most likely have occurred in multiple states, 'the place of injury will *not* play an important role in the selection of the state of applicable law'").[17]

*3. The conflicting interests cannot be accommodated.*

Finally, the Court considers whether Texas and California's conflicting interests can be accommodated, and finds that they cannot—California's revival statute has done exactly what is

---

[15] While Foreman characterizes this allegation as Denise "recounting a fun childhood memory," (MSJ at 45, fn.14) that does not give rise to an inference of sexual abuse, the Court notes that this would appear at least highly relevant to Denise's allegations of grooming. *See* FAC ¶ 12 (alleging that Foreman "started grooming [Denise] at an early age by taking her out for ice cream and allowing her to sit on his lap").

[16] It is not clear from the record where Foreman called Denise from, but to the extent that Foreman was not in California, the Court considers the injury to have occurred in California from this alleged instance.

[17] Although *Sarver* was applying the choice of law test of New Jersey, which adopts the approach of the Second Restatement of Conflict of Laws, the relevant factor being discussed here was "the place where the injury occurred." *Id.* at 898.

prohibited by the Texas constitution. Therefore, the Court considers the relative impairment to both states of not having their laws applied in this instance. *See Cassirer*, 89 F.4th at 1244 ("A state's laws can more readily be discarded if the failure to apply its laws would only partially—rather than totally—impair the policy interests of the jurisdiction whose law is not applied."). The Court finds that California would be impaired as it has an interest in allowing its residents to be protected by its childhood sexual assault laws, especially when the claim arose in its borders. Texas would also be impaired, because to revive a claim that has since been time-barred goes against the protections afforded to its residents by its constitution. However, the Court finds that Texas's impairment is lessened considering at this stage that it remains disputed whether Foreman is or was a resident of Texas, and more significantly, that Foreman exposed himself to the risks of California law.

In *Cassirer*, the Ninth Circuit explained the facts of *Bernhard*,[18] where a patron became intoxicated at a Nevada tavern located near the California border, and was involved in an accident in California thereafter. *Id.* at 1243. *Cassirer*, 89 F.4th at 1243. The tavern keeper was sued for negligently serving alcohol to the patron. *Id.* at 1244. Although Nevada law immunized tavern keepers from civil liability for the negligent acts of their patrons, California had no such protections. *Id.* In finding that California law should apply, the California Supreme Court noted that "Nevada's interest in protecting its tavern keepers from civil liability [] will not be significantly impaired when as in the instant case liability is imposed *only on those tavern keepers who actively solicit California business*." *Id.* (emphasis added). Here, the Court finds that Texas's interests will not be as significantly impaired if California law is applied to a defendant who voluntarily exposed himself to California law. Based on the allegations and even assuming that there is only one instance of alleged sexual battery that occurred in California, Foreman does not contest that he did not travel there willingly. In fact, one reasonable inference is that Foreman came to California with the intent and for the purpose of committing the alleged act against a California resident. SUF at 10. The Court finds this comparable to an entity which solicits California business.

---

[18] *Bernhard v. Harrah's Club*, 16 Cal. 3d 313 (1976).

16

On the other hand, the Court finds that California's amendments to its statute of limitations on childhood sexual abuse claims show a significant interest in allowing recovery for its residents. Therefore, California's interest here is focused on allowing its residents the opportunity to bring their claims in court, and denying Denise the opportunity to do so here would completely undermine California's interests. That there were alleged instances of abuse in other states as well does not lessen California's interest here, based on the alleged facts of this case. Not only does it appear that Denise's claims arose in California, it appears undisputed that Denise's presence in Texas (at least initially) was due to her traveling there alone with Foreman—from which a reasonable inference is that Foreman took Denise there. SUF 4. Her stays in Texas were also allegedly at Foreman's house, presumably at Foreman's request and with his approval. SUF 6, 9. A reasonable inference to draw from the undisputed facts is that Denise was in Texas at certain times simply because Foreman wanted her to be. Given Denise's allegations of grooming, the Court finds that California retains an interest in allowing its residents to bring claims under Section 340 even if they were taken elsewhere as minors where some portion of the alleged conduct occurred or continued.[19]

Accordingly, the Court finds that California's interest would be more impaired relative to Texas's under the circumstances of this case. Therefore, this factor weighs in favor of applying California law.

/ / /

/ / /

---

[19] The Court finds Foreman's citation to *Gerson* unpersuasive. *Gerson v. Logan River Academy*, 20 F.4th 1263 (10th Cir. 2021). There, the Tenth Circuit "decline[d] to consider whether California's choice-of-law rules would produce a different result when the defendant has unflawfully removed a California resident from the State" because the facts in the record did not support an unlawful removal. The Court does not find that a state's interest turns on whether a plaintiff's presence in another state was technically "lawful" or "unlawful" when it comes to a claim of childhood sexual assault. Rather, the Court finds it more significant to consider the circumstances of why the plaintiff was in another state. Here, it remains disputed in the record whether Denise was at Texas during the times of the alleged instances of sexual abuse because of Foreman. Therefore, for the purposes of this motion, the Court presumes that Foreman was either the sole reason or a motivating reason as to why Denise was in Texas at the relevant times.

### VI. Conclusion

For the foregoing reasons, the Court hereby ORDERS that the Motion for Summary Judgment (ECF No. 53) is DENIED.

IT IS SO ORDERED.

Dated: October 15, 2024

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge