O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DENISE S., an individual,

Plaintiff,

v.

GEORGE FOREMAN, an individual, and DOES 1 through 100,

Defendants.

Case No.: 2:22-cv-09237-MEMF-PD

**ORDER GRANTING DEFENDANT MARY P. FOREMAN'S REQUEST FOR JUDICIAL NOTICE, AND DENYING DEFENDANT MARY P. FOREMAN'S MOTION TO DISMISS, STAY, OR TRANSFER [DKT. NOS. 117-118]**

Before the Court is Defendant Mary P. Foreman's Motion to Dismiss, Stay, or Transfer Plaintiff's First Amended Complaint, Dkt. No. 117 ("Motion"), and Defendant Mary P Foreman's Request for Judicial Notice, Dkt. No. 118 ("Foreman RJN"). For the reasons stated herein, the Court DENIES the Motion and GRANTS the Request for Judicial Notice.

/ / /

/ / /

# I. Background

## A. Factual Allegations[1]

Defendant George Foreman groomed and sexually abused Plaintiff Denise S. while she was a minor, with instances of alleged sexual abuse occurring in California, Texas, and Florida. *See* 1AC ¶¶ 10-18.

## B. Procedural History

On September 26, 2022, Denise S. filed the operative First Amended Complaint in this case, alleging causes of action against Defendant George Foreman for (1) sexual battery and (2) intentional infliction of emotional distress ("IIED"). *See id.* On April 26, 2024, the Court issued an Order denying Denise S.'s Motion to Consolidate. Dkt. No. 45. On October 15, 2024, the Court issued an Order denying Defendant George Foreman's Motion for Summary Judgment. Dkt. No. 66.

On March 27, 2025, the parties filed a stipulation to stay the case, notifying the Court that Defendant George Foreman (referred to as "the Decedent") had passed away on March 21, 2025. Dkt. No. 92. On December 11, 2025, the Court issued an Order granting in part Denise S.'s Motion to Substitute and to Extend Time. *See* Dkt. No. 108. The Court found that: (1) Mrs. Mary P. Foreman ("Mrs. Foreman") is the proper party for substitution under Federal Rule of Civil Procedure 25(a)(1); (2) the conditions of Cal. Prob. Code § 9370 have been satisfied; and (3) good cause did not exist to extend Denise S.'s deadline to move for substitution by 120 days because Mrs. Foreman was properly substituted in a timely manner. *See id.*

On March 6, 2026, Mrs. Foreman filed this instant Motion. *See* Motion. On that same day, Mrs. Foreman also filed a Request for Judicial Notice. *See* Foreman RJN. On March 27, 2026, Denise S. filed an Opposition to the Motion. *See* Dkt. No. 122 ("Opposition"). On March 31, 2026, the Court issued an Order granting the parties' joint stipulation for leave to extend briefing schedule for this Motion. Dkt. No. 123. On April 8, 2026, Mrs. Foreman filed a Reply to the Opposition. Dkt. No. 124 ("Reply").

---

[1] The following factual background is derived from the allegations in Denise S.'s First Amended Complaint, Dkt. No. 1-1 ("1AC"), except where otherwise indicated. For the purposes of this Motion, the Court treats these factual allegations as true, but, at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they are true.

On April 20, 2026, the Court found this matter appropriate for resolution without oral argument and vacated the hearing set for April 23, 2026. *See* Dkt. No. 125; Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

**REQUEST FOR JUDICIAL NOTICE (DKT. NO. 118)**

**I. Applicable Law**

A court may judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

On a motion to dismiss, courts are generally prohibited from "consider[ing] any material beyond the pleadings." *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee*, 250 F.3d at 688) (internal quotation marks omitted). Courts generally only consider the complaint and other materials "submitted with and attached to the Complaint." *Id.* at 999. Documents not attached to the complaint—including documents that might otherwise be subject to judicial notice—may only be considered if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

**II. Discussion**

In support of her Motion, Mrs. Foreman requests the Court judicially notice six documents. *See* Foreman RJN. Denise S. does not oppose Mrs. Foreman's request for judicial notice. *See generally* Opposition. The documents are listed below (with descriptions based on Mrs. Foreman's descriptions of the documents):

a) Declaration of George Foreman In Support of Motion to Dismiss Plaintiff's Complaint Pursuant to CCP Section 410.30 filed in Jane Doe v. Doe 1, Case No. 22CV024951 (Cal. Ct.) on November 30, 2023. (Attached as Exhibit A).

b) Order Extending Time to File Inventory, Appraisement, and List of Claims entered in the Probate Court No. 1 of Harris County, Texas in In the Estate of George E. Foreman, Deceased, Case No. 535,253 (the "Texas Probate Proceedings"). (Attached as Exhibit B).

c) Order Admitting Will to Probate and Authorizing Letters Testamentary entered in the Texas Probate Proceedings. (Attached as Exhibit C).

d) The Last Will and Testament of George E. Foreman filed and admitted in the Texas Probate Proceedings. (Attached as Exhibit D).

e) The Notice of Claim filed by Plaintiff in the Texas Probate Proceedings. (Attached as Exhibit E).

f) The Memorandum of Rejection of Claims Against the Estate filed in the Texas Probate Proceedings. (Attached as Exhibit F).

*See* Foreman RJN. Because all these exhibits are matters of public record, where their existence and contents (i.e., the fact that these documents exists and that they contain the words they contain) cannot reasonably be disputed, the Court shall take judicial notice of all six documents and GRANT the Request.

## <u>MOTION TO DISMISS (DKT. NO. 117)</u>

### I. <u>Applicable Law</u>

#### A. Probate Exception to Federal Court Subject Matter Jurisdiction

There is a probate exception to federal subject matter jurisdiction, but the Supreme Court has emphasized its narrowness:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006); *see also Silk v. Bond*, 65 F.4th 445, 450 (9th Cir. 2023). Thus, the probate exception to federal subject matter jurisdiction is "limited to cases in which the federal courts would be called on to '(1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate

court.'" *Id.* (quoting *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017)). "An action is *in rem* when it determines interests in specific property as against the whole world," while an action is in personam if it seeks to "merely to determine the personal rights and obligations of the parties." *Id.* at 452 (quoting *Goncalves*, 865 F.3d at 1254) (internal quotation marks omitted).

**B. Forum Non Conveniens**

The common law doctrine of forum non conveniens "has continuing application [in federal courts] only in cases where the alternative forum is abroad," *Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994), and in rare instances where a state or territorial court serves litigation convenience best, *see* 14D Wright & Miller's Federal Practice and Procedure § 3828 (4th ed.). "For the federal court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007); *see also* 28 U.S.C. § 1404(a). Thus, "[f]orum non conveniens dismissal is appropriate only when the superior alternative forum is in a different judicial system, to which transfer is impossible." 15 Wright & Miller's Federal Practice & Procedure § 3841 (4th ed.).

**C. Motion to Transfer under 28 U.S.C. § 1404(a)**

Under 28 U.S.C. § 1404(a), a "district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a) ("Section 1404(a)"). The district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Before a court can transfer an action pursuant to Section 1404(a), it must find that (1) the requested venue is one where the action could have been brought, and (2) that the convenience of the parties and witnesses in the interest of justice favor the transfer. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

To determine whether a transfer is in the convenience of the parties and witnesses and in the interests of justice, courts consider multiple factors including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498-99.

**D. *Colorado River* Doctrine**

A district court may, in "exceptional circumstances," stay proceedings where there are parallel state and federal actions pending. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The following factors are considered under the *Colorado River* doctrine:

> (1) whether the state court first assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; and (7) whether exercising jurisdiction would promote forum shopping.

*Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002). But "[u]nder the rules governing the *Colorado River* doctrine, the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993).

**E. *Burford* Abstention**

> *Burford* abstention allows a federal district court to abstain from exercising jurisdiction if the case presents 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar,' or if decisions in a federal forum 'would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'

*City of Tucson v. U.S. W. Commc'ns, Inc.*, 284 F.3d 1128, 1132 (9th Cir. 2002) (quoting *Colo. River Water Conservation Dist.*, 424 U.S. at 814)). *Burford* abstention requires:

> (1) that the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court; (2) that federal issues could not be separated easily from complicated state law issues with respect to which the state courts might have special competence; and (3) that federal review might disrupt state efforts to establish a coherent policy.

*Blumenkron v. Multnomah County*, 91 F.4th 1303, 1312 (9th Cir. 2024) (quoting *United States v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001) (internal quotation marks omitted)).

## II. <u>Discussion</u>

Mrs. Foreman contends that this action should be dismissed under forum non conveniens, and, if it is not dismissed, this Court should stay this action under the *Colorado River* or *Burford* abstention doctrines or transfer this action to the Southern District of Texas under 28 U.S.C. § 1404(a). *See* Motion at 5-15. For the reasons discussed below, the Court shall not dismiss, stay, or transfer this action.

### A. The probate exception does not apply to Denise S.'s tort claims.

Mrs. Foreman concedes that this Court has subject matter jurisdiction, so the probate exception to subject matter jurisdiction is inapposite, *see* Reply at 2, and that this Court "should decline to exercise that jurisdiction because the convenience of the parties and the interests of justice favor litigation in Texas," *id.* Although Mrs. Foreman does not argue for dismissal under the probate exception, this Court finds it appropriate to discuss the probate exception because Mrs. Foreman raises the probate exception when requesting dismissal or transfer to the Texas Probate Court, "where the Estate is being administered, where all Estate assets are located as well as all of the individuals familiar with the assets and proceedings, and where the Independent Executrix is subject to jurisdiction." *See* Motion at 1, 5, 8. Denise S. counters that her sexual battery and IIED tort claims, *see generally* 1AC, do not fall under the probate exception to subject matter jurisdiction, *see* Opposition at 6-8, 19-20.

Here, the Court finds that adjudicating Denise S.'s claims does not requiring invoking the probate exception to federal subject matter jurisdiction because this Court is not called on to "'(1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court.'" *Silk*, 65 F.4th at 450 (quoting *Goncalves*, 865 F.3d at 1252). Denise S. is not seeking to "probate or annul a will" or to assume "*in rem* jurisdiction over property that is in custody of the probate court." Denise S. is, rather, seeking to "exercise [] in personam jurisdiction over the personal representatives of [George Foreman's] Estate" for her sexual battery and IIED claims. *See* Opposition at 19-20. This does not require the

federal courts to administer George Foreman's estate because "the district court would neither be probating or annulling a will . . . , or administering a decedent's estate . . . , [and] . . . it would [not] be assuming in rem jurisdiction over property that is in the custody of the probate court, including by endeavoring to dispose of such property." *Silk*, 65 F.4th at 452.

This suit involves the "standard exercise of in personam jurisdiction," because the "nature of the right sued on" involve only claims between Denise S. and Mrs. Foreman for the Decedent's past alleged sexual battery, where if Denise S. was to prevail at trial, she "would be awarded an in personam judgment for money damages." *See id.* at 452-53; 1AC ¶¶ 10-18. This is thus a "claim[] between discrete entities and not between individuals and the world at large." *Silk*, 65 F.4th at 452. And the "fact that assets under the control of the [Texas Probate] Court might ultimately have to satisfy a federal court judgment . . . does not mean that any such judgment or order is an order *disposing* of assets under the control of the [Texas Probate] Court." *Id.* at 454; *see also* Reply at 5.

Accordingly, the probate exception does not limit this Court's subject matter jurisdiction. Thus, whether the "Texas Probate Court has assumed [*in rem*] jurisdiction over the Estate . . . that encompasses all of the Decedent's assets and liabilities" does not warrant dismissal, transfer or abstention. *See* Motion at 5, 10, 12.[2]

**B. Forum non conveniens does not apply to Denise S.'s claims.**

Mrs. Foreman also contends that Denise S.'s claims should be dismissed under the doctrine of forum non conveniens. *See* Motion at 5-11. Denise S. contends that forum non conveniens does not apply to her claims. *See* Opposition at 10-17. However, the application of forum non conveniens is improper because forum non conveniens "has continuing application [in federal courts] only in cases where the alternative forum is abroad," *Am. Dredging Co.*, 510 U.S. at 449 n.2, and here, the alternative forum is in Texas and not abroad. Thus, the Court will analyze whether a Texas federal

---

[2] Mrs. Foreman contends that Denise S. "has already acknowledged the adequacy of the Texas forum by filing a creditor's claim with the Texas Probate Court on August 18, 2025, pursuant to California Probate Code § 9370." Motion at 6. But as Mrs. Foreman already acknowledges, this "is a statutory prerequisite to *any recovery* against the Estate" under California Probate Code § 9370(b). *See id.* at 6 (emphasis added); *see also* Cal. Prob. Code § 9370(b). And the Ninth Circuit in *Silk* rejected the fact that the plaintiff "acknowledged the probate court's jurisdiction by first filing his claim [in the probate court], when it held that the probate exception did not apply. *See Silk*, 65 F.4th at 450-54. Thus, it is immaterial to Denise S.'s tort claims that she filed a creditor claim with the Texas Probate Court.

court "is the more convenient place for trial of the action" to warrant transfer under Section 1404(a). *Sinochem Int'l Co.*, 549 U.S. at 430; *see also* 15 Wright & Miller's Federal Practice & Procedure § 3841 (4th ed.).[3]

**C. Denise S.'s case shall not be transferred to Texas under Section 1404(a).**

Mrs. Foreman contends that for the same reasons under its forum non conveniens analysis, "venue is proper in the transferor district" and "the convenience of the parties and the interests of justice support transfer to the Southern District of Texas." Motion at 14-15; *see also* Reply at 9. Denise S. contends that this is the proper forum chosen by Denise S. and the Decedent, and it would be a "waste of time, energy, and money" to transfer to Texas. *See* Opposition at 20-21. For the reasons discussed below, Texas is not a proper venue, and, moreover, a transfer to Texas is not in the convenience of the parties and witnesses and in the interests of justice under Section 1404(a). *See Jones*, 211 F.3d at 498-99; *Hatch*, 758 F.2d at 414.

First, venue would not be proper in Texas. To determine "whether an action 'might have been brought' in a district, the court looks to whether the action initially could have been commenced in that district." *Hatch*, 758 F.2d at 414. Here, the Court already determined that Denise S.'s "claims would be time-barred by the applicable statue of limitations in Texas," and that there was no dispute that "Texas does not allow for the revival of previously time-barred claims as a constitutional matter." *See* Dkt. No. 66 at 2, 13. So Denise S. could not have initially commenced this action in Texas. *See* Opposition at 11; *see also Hatch*, 758 F.2d at 414.

Mrs. Foreman contends that "Texas law permits tort claims, including sexual battery and intentional infliction of emotional distress, to be asserted against estates through creditor claims." *See* Motion at 5. And that Mrs. Foreman would agree "to stipulate to waive any statute of limitations defense and/or toll [Denise S.'s] claims in any Texan forum in response to the re-filing or transfer of [Denise S.'s] presently pending claims." Reply at 3; *see also* Reynolds Decl. ¶ 2, Dkt. No. 124-1. But Mrs. Foreman's stipulation does not change the fact that Denise S. could not have initially commenced this action in Texas because of the statute of limitations. *See* Opposition at 11; *see also*

[3] The Court only addresses the private and public factors for forum non conveniens insofar as they are relevant to the motion to transfer factors discussed below.

*Hatch*, 758 F.2d at 414. Accordingly, Texas is not a proper venue, so a motion to transfer is inapplicable.

Next, even assuming that Texas were a proper venue, transferring this action to Texas is not in the convenience of the parties and witnesses and in the interests of justice under the *Jones* factors. *See* 211 F.3d at 498-99. The Court addresses the relevant *Jones* factors below.

First, Texas would not be most familiar with the governing law. *Jones*, 211 F.3d at 498-99. Mrs. Foreman contends that "Texas courts are more familiar with Texas probate proceedings, and administration and coordination between the proceedings will be easier in Texas." *See* Motion at 10-11, 15. But as discussed above, the probate exception to federal jurisdiction does not apply, where this Court is only addressing Denise S.'s sexual battery and IIED tort claims against the Decedent. Thus, this Court is familiar with the governing law on such tort claims and would not need to apply Texas probate law. *See* Opposition at 17.

Second, Denise S.'s choice of forum is California, and "great weight is generally accorded [to] plaintiff's choice of forum." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *see also* Karen L. Stevenson & James E. Fitzgerald, The Rutter Practice Guide, Federal Civil Procedure Before Trial, Calif. & 9th Cir. ed. § 4:732 ("Plaintiff's choice of forum, while not dispositive, 'should be given weight when deciding whether to grant a motion to change venue.'"). Accordingly, this factor weighs against transfer. *See* Reply at 4-5.

Third, the ease of access to sources of proof factor and witnesses relating to Denise S.'s claims factor—do not weigh in favor of transfer. Mrs. Foreman contends that "the key witnesses and evidence are located in Texas," where particularly the "Independent Executrix," Mrs. Foreman, and "all or nearly all of the third party witnesses—including individuals who are likely to be involved in the administration of the estate, including financial advisors, accountants, appraisers, and other professionals involved in asset valuation and distribution—are in Texas." *See* Motion at 7, 14; *see also* Reply at 9. Mrs. Foreman also contends that "the evidence relevant to the administration of the Estate and the adjudication of claims against it is located in Texas," and "the majority of the alleged events at issue took place in Texas, meaning that any available documentary evidence or witness

testimony regarding those [alleged sexual battery] events would be more readily accessible in a Texas forum." *Id.* at 6.

But again, as discussed above, Denise S.'s claims do not require or relate to "the administration of the estate," so the witnesses Mrs. Foreman identify in her Motion do not go "to whether or not George Foreman did or did not sexually assault [Denise S.] when she was a minor." Opposition at 12. And even if this litigation "involves the Estate's ability to respond to and satisfy any judgment," *see* Reply at 5, this does not require transferring this action to Texas Probate Court, *see Silk*, 65 F.4th at 454. Moreover, the witnesses that do go to the alleged sexual battery are Denise S. and Dr. Rosenberg, who live in California, and Mrs. Foreman and Ms. Skeete, who live in Texas. *See* Opposition at 14; Reply at 5. And some of the alleged sexual battery against Denise S. took place in California. *See* Dkt. No. 66 at 5. Accordingly, the Court finds the access to sources of proof factor is neutral and the witnesses factor does not weigh in favor of transfer.[4]

Finally, the compulsory process factor and cost factor weigh against transfer. Mrs. Foreman contends that "[k]ey witnesses in this matter are located in Texas and beyond the subpoena power of this Court," and litigating in Texas would reduce the cost of obtaining witness testimony. *See* Motion at 7. But there are only two identified witnesses outside of Texas that go to Denise S.'s tort claims. *See* Opposition at 14; Reply at 5. And Mrs. Foreman does not address Denise S.'s argument that "the cost of bringing all [] known witnesses to Texas outweighs any claim [Mrs. Foreman] makes." Opposition at 14; *see generally* Reply. Accordingly, these two factors weigh against transfer.

In sum, no factor weighs in favor of transfer. Mrs. Foreman has not met her burden to establish a transfer of venue under Section 1404(a). *Jones*, 211 F.3d at 498-99. Thus, the Motion to Transfer is denied.

### D. Denise S.'s case shall not be stayed under *Colorado River* or *Burford* abstention.

---

[4] Mrs. Foreman contends that Dr. Rosenberg "can and will consent to appearing in Texas." *See* Reply at 5. But her citation to the Opposition does not support this proposition, *see* Opposition at 12-13, and she does not provide a supporting declaration as evidence either, *see* Dkt. No. 124-1. Thus, the Court does not find that Dr. Rosenberg consents to appear in Texas.

Finally, Mrs. Foreman contends that abstention is warranted under the *Colorado River* or *Burford* doctrines. *See* Motion at 11-13; *see also* Reply at 8. Here, the Court finds that abstention is improper under both the *Colorado River* and *Burford* doctrines.

First, under *Colorado River*, "the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Intel Corp.*, 12 F.3d at 913. Given the Court's rejection of the probate exception and the fact that there is no need for Denise S. to be in front of a probate court to resolve her tort claims against the Decedent, there is a "substantial doubt as to whether the state proceedings will resolve the federal action" for Denise S.'s tort claims. *See* Opposition at 19; Reply at 8. And as discussed above, Denise S. submitting her claim to the Texas Probate Court is immaterial to resolution of her tort claims. *See* Reply at 8.

Second, under *Burford*, resolution of Denise S.'s claims of sexual battery and IIED would not interfere with Texas's "unified state probate proceeding" because the probate exception does not apply and satisfying any judgment through probate does not limit this Court's jurisdiction to hear Denise S.'s tort claims. *See* Motion at 13; Opposition at 20; Reply at 8; *see also Blumenkron*, 91 F.4th at 1312; *Silk*, 65 F.4th at 454. Accordingly, abstention under *Colorado River* or *Burford* is improper.

## III. <u>Conclusion</u>

For the foregoing reasons, the Court ORDERS as follows:

1. The Request for Judicial Notice (Dkt. No. 118) is GRANTED.
2. The Motion to Dismiss, Stay, or Transfer (Dkt. No. 117) is DENIED.

IT IS SO ORDERED.

Dated: August 10, 2026

HON. WESLEY L. HSU
United States District Judge